1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7     KATRINA POPOVICH PETRINI, et al.,        Case No.  25-cv-02896-SVK

8              Plaintiffs,                      **SCREENING ORDER PURSUANT TO
                                                28 U.S.C. § 1915(e)**
9          v.

10    SARJU NARAN, et al.,
                                                Re: Dkt. No. 15
11             Defendants.

12          On March 28, 2025, Plaintiffs Katrina P. Petrini and Bunker B.W. Roggee, appearing self-

13    represented, filed a civil complaint (Dkt. 1 the "Complaint") and a motion for leave to proceed *in*

14    *forma pauperis* (Dkt. 2 "original IFP Application").  After the Court denied Plaintiffs' original IFP

15    application, (Dkt. 5), Plaintiffs filed amended IFP applications, (Dkts. 6, 7 (the "Renewed IFP

16    Applications")). On May 22, 2025, the Court granted Plaintiffs' Renewed IFP Applications and,

17    upon a Section 1915 screening, found that the Complaint failed to state a claim for relief and

18    ordered Plaintiffs to amend their complaint by June 12, 2025.  Dkt. 12 (the "Prior Order").

19          This action relates to an earlier state court lawsuit in which Defendants, including a law

20    firm who represented Plaintiff Petrini's former employer, filed a cross-complaint against Plaintiff

21    Petrini that included a claim for violation to California Penal Code Section 502, the Computer

22    Data Access and Fraud Act.  *See* Dkt. 1, Ex. A.  The Complaint alleged that the state court lawsuit

23    resulted in an unfavorable judgment against Plaintiff Petrini and that the judgment has been

24    enforced against Plaintiffs' property in Texas.  *See generally* Dkt. 1.  Before the Court is

25    Plaintiffs' Amended Complaint, filed on June 12, 2025, pursuant to the Prior Order.  Dkt. 15 (the

26    "FAC").[1]

27

28    _____

[1] Plaintiffs filed duplicative "Amended Complaint[s]" (Dkts. 13, 14), but the Court acknowledges the latest filing along with the attached exhibits, (Dkt. 15), as the FAC.

United States District Court
Northern District of California

1    This Order screens Plaintiffs' FAC pursuant to 28 U.S.C. § 1915(e) requiring screening for

2    civil actions filed *in forma pauperis*.  For the reasons below, the Court concludes that the first,

3    second and third causes of action in the FAC fail to state a claim for relief and leave to amend

4    those claims would be futile.  Thus, the Court will **RECOMMEND** the first three causes of action

5    be **DISMISSED.**[2]  The Court also lacks subject matter jurisdiction over the fourth cause of action

6    as pleaded in the FAC, although leave to amend the fourth cause of action may not be futile.

7    Accordingly, as to the fourth cause of action only, the Court **DISMISSES WITH LEAVE TO**

8    **AMEND no later than August 20, 2025**.

9    **I.    SCREENING UNDER 28 U.S.C. § 1915**

10    **A.  Legal Standard**

11    Federal district courts must screen civil actions filed *in forma pauperis* to ensure that the

12    complaint states a claim, is not frivolous and does not seek monetary relief against a defendant

13    who is immune from such relief.  28 U.S.C. § 1915(e)(2);  *Lopez v. Smith*, 203 F.3d 1122, 112-27

14    (9th Cir. 2000) (*en banc*).  A "frivolous" complaint "lacks an arguable basis either in law or in

15    fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The Ninth Circuit has noted that

16    § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).  *Barren v.*

17    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Both Rule 12(b)(6) and § 1915(e)(2)(B) require

18    a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

19    A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

20    relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

21    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Federal Rule of Civil Procedure 8(a) provides that

22    a pleading must contain a "short and plain statement of the grounds for the court's jurisdiction"

23    and a "short and plain statement of the claim showing that the pleader is entitled to relief."

24    Although a plaintiff "does not need detailed factual allegations," a plaintiff must still provide

25

26    [2]  Plaintiffs have consented to the jurisdiction of a magistrate judge, (Dkts. 8, 9), but Defendants
     have not.  All named parties must consent before a magistrate judge has jurisdiction under 28
27    U.S.C. § 636(c)(1) to hear and decide a case.  *See Williams v. King*, 875 F.3d 500, 203 (9th Cir.
     2017).  Accordingly, following the opportunity for leave to amend the fourth cause of action, the
28    Court will direct reassignment to a district judge with the recommendation that the claims be
     dismissed.

United States District Court
Northern District of California

1 enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*,

2 550 U.S. at 555.  Pursuant to a Section 1915 review, "[d]ismissal is proper only if it is clear that

3 the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief."

4 *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted).

5      In its review, the Court liberally construes pro se pleadings.  *Wilhelm v. Rotman*, 680 F.3d

6 1113, 1121 (9th Cir. 2012).  Moreover, a "court should not dismiss a pro se complaint without

7 leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be

8 cured by amendment.'"  *Id.*  (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th

9 Cir.1988) (*per curiam*).

**B.  Analysis**

11      Regarding diversity jurisdiction requirements under 28 U.S.C. § 1332, the Court construes

12 Plaintiffs' allegations as sufficient.[3]  The Court previously screened Plaintiffs' Complaint, which

13 pled three causes of action, and granted leave to amend each cause of action:  (1) violation of 42

14 U.S.C. § 1983;  (2) malicious prosecution;  and (3) emotional distress.  Dkt. 12 at 3.  "All three

15 causes of action [were] premised on the assertion that Defendants instituted a ***criminal*** proceeding

16 against Plaintiff Petrini in California state court."  *Id.* (citing Dkt. 1) (emphasis in original).

17 Because the state court cross-complaint was a civil action, not a criminal proceeding, the Court

18 found the Complaint failed to state a claim for relief.  Dkt. 12 at 4.  After considering the

19 amendments, the Court finds the FAC similarly fails to state a claim for relief in the first, second

20 and third causes of action.  The Court also lacks subject matter jurisdiction over the fourth cause

21 of action.

22 ////

23 ////

24 ////

[3] The Prior Order explained that "[p]laintiffs allege that this Court has subject matter jurisdiction based on diversity because they 'are from Comal County Texas,' 'Defendants are from San Jose, California,' and the amount in controversy is over $171,000." Dkt. 12 at 3 (quoting Dkt. 1 at 2). The FAC alleges the same basis for diversity jurisdiction as the original Complaint. Dkt 15 at 2. Liberally construed, the Court credits these allegations as sufficient to satisfy diversity jurisdiction requirements.

3

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1. The FAC Fails to State a Claim for Relief for the First, Second and Third Causes of Action

Plaintiffs' FAC attempts to claim the same three causes of action as the Complaint and adds a fourth cause of action for extrinsic fraud. Dkt. 15 at 15. The FAC first supplements these claims with a "Definitions" section defining the phrase "Penal Code." *Id.* at 2. However, the first two causes of action do not contain additional allegations. *Compare* Dkt. 15 at 5-10 *with* Dkt. 1 at 5-10. The third cause of action contains additional caselaw references and explanations of California Penal Code Section 502 but no new factual allegations. Dkt. 13 at 12-14.

The claims in the FAC rely on an alleged criminal proceeding, yet the allegations and supporting documents undermines the existence of any criminal proceeding because the state court cross-complaint against Plaintiff Petrini is a civil cross-complaint. *See* Dkt. 1 at 21. As the Court previously noted, "the state court cross-complaint contains a claim for violation of California Penal Code § 502." Dkt. 12 at 4 (citing *id.*). To support the allegation of criminal prosecution, Plaintiffs cite the definition of "penal code": "a code of laws concerning crimes and offenses and their punishment," (Dkt. 15 at 2 (citing Meriam Webster Dictionary)) and claim that "[Section] 502(e)(1) does not allow civil litigation unless 502(c) is criminally prosecuted first." Dkt. 15 at 6. But the citation to Meriam Webster's Dictionary is inconclusive, and Plaintiffs' other contention is inaccurate: No portion of section 502(e) requires criminal prosecution before bringing a civil action under the statute. To the contrary, Section 502(e)(1) permits "the owner or lessee of the computer, computer system, computer network, computer program or date" to "bring a ***civil*** action against the violator" when the violator causes "damage or loss by reason of a violation of any of the provisions of subdivision (c)…." Cal. Penal C. § 502(e)(1) (emphasis added). The Court understands Plaintiffs' confusion; the cross-complaint refers to the Penal Code, but the claim asserted pursuant to the Penal Code is *civil* in nature as evidenced by the language of Section 502(e)(1) and the "CV" (civil) case number. Dkt. 12 at 4 (citing Dkt 1. at 21). As a result, Plaintiffs' premise underlying the first three causes of action in the FAC is fatally flawed, and the additional references do not cure this pleading defect.

The Court previously granted leave to amend the Complaint with the suggestion that

1    "Plaintiff might be able to sue one or more of the Defendants based on the allegations that they

2    improperly pursued a *civil* action" against her.  Dkt. 12 at 4 (emphasis in original).  However, in

3    the FAC, Plaintiffs maintain the premise that the state court cross-complaint was a criminal

4    proceeding to support of the first, second and third causes of action.  *See, generally,* Dkt. 15.

5    Because the FAC does not amend this mistaken premise and additional pleadings cannot cure this

6    defect, the Court finds that any further leave to amend these claims would be futile.  *See, e.g.*, *Paul*

7    *G. v. Monterey Peninsula Unified Sch. Dist.*, No. 16-cv-05582-BLF, 2018 WL 2763302, at *12

8    (N.D. Cal. June 8, 2018) ("failure to cure the identified deficiency and lack of indication that [a

9    plaintiff is] able to do so show that leave to amend would be futile.").  Thus, following the

10   opportunity to amend only the fourth cause of action explained below, the Court will direct that

11   this case be reassigned and will **RECOMMEND DISMISSAL** of the first, second and third

12   causes of action in Plaintiffs' FAC **WITHOUT LEAVE TO AMEND**.

### 2.  The *Rooker-Feldman* Doctrine Bars the Court's Subject Matter Jurisdiction Over the Fourth Cause of Action

The fourth cause of action, newly added to the FAC, attempts to state a claim for relief

from the state court judgment based on extrinsic fraud.  Dkt. 15 at 15.  The Court concludes that

the *Rooker-Feldman* doctrine bars subject matter jurisdiction over this cause of action but, as

explained below, grants leave to amend the FAC's pleading deficiencies regarding extrinsic fraud.

The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject

matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v.*

*TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (explaining *Rooker v. Fidelity Trust Co.,* 263

U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)).  A

plaintiff brings a forbidden *de facto* appeal and *Rooker-Feldman* bars subject matter jurisdiction

when the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state

court" and "seeks relief from a state court judgment" based on that decision.  *Kougasian*, 359 F.3d

at 1140 (quoting *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003)).  However, if a "federal

plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-*

*Feldman* does not bar jurisdiction."  *Noel*, 341 F.3d at 1164.

1      Here, Plaintiffs' fourth cause of action on its face asserts "as a legal wrong an allegedly

2  erroneous decision by a state court…." *Id.* at 1140.  Plaintiffs allege that the "court clerk back

3  dated the granting" of the default judgment and "then denied the filing of plaintiffs answer."  Dkt.

4  15 at 15.  Plaintiffs further allege that the court "denied the plaintiff['s] motion to set aside the

5  default judgment" which in turn caused an improper default judgment.  *Id.*  These allegations

6  claim legal errors by the state court; therefore, the first aspect of *Rooker-Feldman* is met.

7      However, Plaintiffs seek "relief from a state court judgment" due to a cause of action

8  labelled "Extrinsic Fraud."  Dkt. 15 at 15.  "Extrinsic fraud is conduct which prevents a party from

9  presenting his claim in court."  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).  "Extrinsic

10  fraud on a court is, by definition, not an error by th[e state] court.  It is, rather, a wrongful act

11  committed by the party or parties who engaged in the fraud."  *Kougasian*, 359 F.3d at 1141.

12  When a "federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to

13  set aside [that] state court judgment," *Rooker-Feldman* does not bar a district court's subject

14  matter jurisdiction.  *Kougasian*, 359 F.3d at 1140.  A claim of extrinsic fraud thus creates a "closer

15  *Rooker-Feldman* question, because (at least under California law) it provides the basis for setting

16  aside a state court judgment."  *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1153 (9th Cir. 2025);

17  *see also Kougasian*, 359 F.3d at 1140-41 (delineating which pleadings of extrinsic fraud provide

18  an exception to *Rooker-Feldman* and which do not).

19      Thus, under the second part of the *Rooker-Feldman* inquiry, the Court must determine

20  whether Plaintiff seeks relief from a state court judgment based on (alleged) errors of the state

21  court or based on conduct by private Parties.  *See Kougasian*, 359 F.3d at 1140-41.  According to

22  the FAC, Plaintiffs seek relief "from this illegal onslaught of civil rights violations" caused by "an

23  organized syndicate including judges and court clerks" in the Santa Clara County.  Dkt. 15 at 19.

24  Thus, Plaintiffs appear to be requesting the Court set aside the state court judgment based on

25  errors of the state court, necessarily requiring this Court overrule the state-court judgment in

26  contravention of *Rooker-Feldman*.

27      Accordingly, Plaintiffs' FAC constitutes a forbidden *de facto* appeal of the state court's

28  judgment, and Plaintiffs fail to allege factual contentions to support an extrinsic fraud exception to

United States District Court
Northern District of California

1  *Rooker-Feldman*.  Thus, as pleaded in the FAC, the *Rooker-Feldman* jurisdictional bar applies,

2  and Plaintiff's fourth cause of action must be dismissed.

3      However, the fourth cause of action cites a monetary amount that could be a request for

4  damages.  Dkt. 15 at 15 ("The plaintiffs have declared extrinsic fraud in the defendants'

5  acquisition of the criminal judgment against the plaintiff for $171,564.56.").  If Plaintiffs were to

6  amend the fourth cause of action to allege wrongful conduct by a ***private*** party, rather than error of

7  the state court, such a claim, liberally construed, might invoke the extrinsic fraud exception to

8  *Rooker-Feldman*.  Accordingly, in view of their self-represented status, the Court will give

9  Plaintiffs an opportunity to amend the fourth cause of action.  In sum, the fourth cause of action is

10  **DISMISSED WITH LEAVE TO AMEND.**

11  **II.    CONCLUSION**

12      Even measured by the liberal standards accorded *pro se* litigants, Plaintiffs' FAC fails to

13  state a claim for relief on the first, second and third causes of action.  For the reasons above, the

14  Court will **RECOMMEND DISMISSAL** of the first, second and third causes of action in

15  Plaintiffs' FAC **WITHOUT LEAVE TO AMEND**.

16      The Ninth Circuit recognizes that "dismissals for lack of jurisdiction should be . . . without

17  prejudice so that a plaintiff may reassert his claims in a competent court."  *Freeman v. Oakland*

18  *Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (cleaned up).  As explained above, the fourth

19  cause of action in the FAC could be amended such that subject matter jurisdiction is proper in this

20  Court.  The Court therefore grants Plaintiffs **LEAVE TO AMEND** only the FAC's fourth cause

21  of action.  Plaintiffs' Second Amended Complaint is due by **August 20, 2025**.  If Plaintiffs do not

22  file a Second Amended Complaint by the deadline, the Court will issue an order reassigning the

23  case to a District Judge with a recommendation that the case be dismissed.

24      The Court reminds Plaintiffs that the Federal Pro Se Program at the San Jose Courthouse

25  provides free information and limited-scope legal advice to pro se litigants in federal civil cases.

26  The Federal Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro

27  Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to

28  Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se

1   handbook free of charge; a copy may be downloaded at https://cand.uscourts.gov/pro-se-handbook

2   or obtained from the Clerk's Office.

3

4          **SO ORDERED.**

5   Dated: July 21, 2025

6

7   _____

8   SUSAN VAN KEULEN
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California