UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATRINA POPOVICH PETRINI, et al., <br><br> Plaintiff, <br><br> v. <br><br> SARJU NARAN, et al., <br><br> Defendant. | Case No.  5:25-cv-02896-EJD <br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** <br><br> Re: ECF No. 21 |

The Court has reviewed Magistrate Judge Van Keulen's Report and Recommendation ("Report") to dismiss this action for failure to state a claim and for lack of subject matter jurisdiction, as well as Plaintiffs' objections to the report. *See* Report, ECF No. 21; Pls.' Obj., ECF No. 22.  The Court finds the Report correct, well-reasoned, and thorough, and **ADOPTS** it in every respect.

This action relates to an earlier suit in state court in which Defendants filed a cross-complaint against Plaintiff Petrini that included a claim for violation of California Penal Code § 502, the Computer Data Access and Fraud Act.  *See* Compl., ECF No. 1, Ex. A.  The original complaint alleged that the state court lawsuit resulted in a judgment against Plaintiff Petrini that has been enforced against Plaintiffs' property in Texas.  *See generally* Compl.  On May 22, 2025, Judge Van Keulen issued a screening order under 28 U.S.C. § 1915(e) finding that the original complaint failed to state a claim for relief.  First Screening Order, ECF No. 12.  On June 12, 2025, Plaintiffs filed an amended complaint ("FAC") pursuant to the First Screening Order.  FAC, ECF No. 15.  On July 21, 2025, Judge Van Keulen issued a second screening order with respect to the

Case No.: 25-cv-02896-EJD
ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

1  FAC, finding that the first, second, and third claims failed to state a claim for relief and that leave
2  to amend those claims would be futile. Second Screening Order, ECF No. 19 at 4–5, 7. The
3  Second Screening Order also found that the Court lacks subject matter jurisdiction over the fourth
4  claim but gave Plaintiffs leave to amend as to that cause of action. *Id.* at 2, 5–7. Plaintiffs did not
5  file a Second Amended Complaint by the August 20, 2025, deadline. As a result, on September 8,
6  2025, Judge Van Keulen issued the Report recommending that the Court dismiss the FAC in its
7  entirety without leave to amend. *See* Report at 2.

8  On September 19, 2025, Plaintiffs, who are proceeding pro se, filed a timely Objection to
9  the Report. Plaintiffs' objections seem to fall into four categories: (1) that Defendants had
10 instituted "a criminal prosecution in state civil court," (2) that "there is no state court judgment,"
11 (3) that "*Rooker v. Feldman* does not apply here as this . . .Court is not being requested to review a
12 state court judgment," and (4) what may be an argument about wrongful conduct by a private
13 party ("The relationship between [J]udge Kirwan and the prosecuting defendants is an out[-]of[-
14 ]court action that had a direct effect on the court[']s proceedings.") Pls.' Obj. at 2–5. The Court
15 addresses each of Plaintiffs' four arguments below.

16 Plaintiffs contend that Defendants pursued "a criminal prosecution in state civil court." *Id.*
17 at 2. As the Report explains, this is not correct. *See* Report at 3–4. The state court cross-
18 complaint contains a claim for violation of California Penal Code § 502. *Id.* at 3. As the Report
19 has already explained, Section 502(e)(1) permits "the owner or lessee of the computer, computer
20 system, computer network, computer program or date" to "bring *civil* action against the violator"
21 when the violator causes "damage or loss by reason of a violation of any of the provisions of
22 subdivision (c) . . ." Cal. Penal. C. § 502(e)(1) (emphasis added). That is what Defendants did.
23 Since Plaintiffs brought their first three claims assuming that the Defendants had brought a
24 criminal action, not a civil one, their complaint fails as to those three claims.

25 Plaintiffs remaining three broad objections all seem to relate to whether the *Rooker-*
26 *Feldman* doctrine bars subject matter jurisdiction over their fourth claim. First, Plaintiffs contend
27 that "there is no state court judgment for [the Court] to review or overturn" and that "defendants
28 have not received a favorable state court judgment against the plaintiffs at all." *Id.* at 2. This is

2

confusing, because the Plaintiffs alleged in their FAC that "the defendants received a . . . default judgment . . . in excess of $171,000.00 for the plaintiffs violating California Penal Code [§] 502" and that "penalties were levied against the plaintiff and the plaintiff's spouse" pursuant to that judgment. FAC at 4. Even in their Objection, Plaintiffs admit that "The defendants received a default judgment for their client." Pls.' Obj. at 5. So, Plaintiffs contend both that there was and that there was not a state court judgment. Since the state court judgment against Plaintiffs seems to have inspired their current suit, the Court will assume that Plaintiffs meant what they said in their FAC and on page five of their Objection: that there was a state court judgment against Plaintiffs.

Second, Plaintiffs claim that "*Rooker v. Feldman* does not apply here as this . . .Court is not being requested to review a state court judgment" and "[n]o request to review or overturn a judgment is being made of this court." Pls.' Obj. at 5. It seems Plaintiffs believe that *Rooker-Feldman* only applies when a party expressly asks a federal court to overturn a state court judgment. But as the Report explained, "the *Rooker-Feldman* doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." Report at 4 (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (emphasis added)). Plaintiffs' complaint is a de facto appeal because they are asserting "as a legal wrong an allegedly erroneous decision by a state court." *Kougasian*, 359 F.3d at 1140 (quoting *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). As a result, *Rooker-Feldman* applies to this case.

Finally, Plaintiffs raise a few new arguments in their Objection that are, admittedly, difficult for the Court to decipher. Plaintiffs claim that "The relationship between [J]udge Kirwan and the prosecuting defendants is an out[-]of[-]court action that had a direct effect on the court[']s proceedings." Pls.' Obj. at 5. This allegation seems to fall in the same genre as Plaintiffs' earlier claim that "an organized syndicate including judges and court clerks" caused the errors of which Plaintiffs complain. FAC at 19. That is, Plaintiffs still appear to be requesting that the Court set aside the state court judgment based on errors of the state court—which, as the Report explained, would contravene *Rooker-Feldman*. Report at 5.

In sum, Judge Van Keulen's Report and Recommendation is adopted in full. Plaintiffs' objections are overruled. Claims one, two, and three of the FAC are dismissed for failure to state a claim; because they are based on a mistaken premise (that the cross-complaint in state court was a criminal proceeding), the Court **DISMISSES** those claims **WITHOUT LEAVE TO AMEND**. Claim four is dismissed for lack of subject matter jurisdiction; because Plaintiffs failed to file a Second Amended Complaint as to that fourth claim, the Court **DISMISSES** that claim.

**IT IS SO ORDERED.**

Dated: October 8, 2025

EDWARD J. DAVILA
United States District Judge